OPINION
Defendant-appellant Dean A. Guy appeals his conviction and sentence from the Ashland Municipal Court on one count of speeding, in violation of R.C. 4511.21(D)(1), and one count of failure to wear a safety belt, in violation of R.C.4513.263(B)(1).
 STATEMENT OF THE FACTS AND CASE
On August 14, 1999, a State Highway Patrol Trooper issued a citation to appellant for exceeding the posted speed limits, namely traveling 66 miles per hour in a 55 miles per hour zone, and for failure to wear a seat belt. The arraignment and trial were held the same day, September 27, 1999. After presentation of testimony, the trial court found defendant guilty of speeding, the second violation within one year, as well as failing to wear a safety belt as a driver. The trial court fined appellant $100.00 for the speeding violation and $25.00 for the seat belt violation, plus court costs. Execution of sentence was stayed pending appeal. It is from his conviction and sentence that appellant prosecutes this appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED WHEN IT ADMITTED INTO EVIDENCE CERTAIN DOCUMENTS WITHOUT ANY FOUNDATION.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED WHEN IT MADE ITS RULING CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE WHEREIN THE STATE OF OHIO DID NOT MEET THE BURDEN OF PROOF OR PROOF BEYOND A REASONABLE DOUBT.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OF THE WEIGHT OF DEFENDANT'S VEHICLE WITHOUT PROPER FOUNDATION.
On September 27, 1999, appellant was found guilty of speeding, his second offense within one year, and failure to wear a seat belt. In handwritten notations on the case jacket, entitled Judgment Entry, the trial court noted that appellant had been found guilty, imposed a fine for each count, and stayed execution of the sentence pending appeal. The Order from which appellant appeals, however, is not a final appealable order. Crim.R. 32(C) states that: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. . . . The judge shall sign the judgment and the clerk shall enter it on the record. A judgment is effective only when entered on the journal by the clerk." Crim R. 32(C) reflects the axiom that "(a)court of record speaks only through its journal and not by oral pronouncement or mere written minutes or memorandum." State ex rel. Hanley v. Roberts (1985), 17 Ohio St.3d 1, 4, 476 N.E.2d 1019; State v. Junkin (1997), 80 Ohio St.3d 335, 686 N.E.2d 267. Although the case jacket in the instant case bears the trial judge's handwritten notation of appellant's plea, the trial court's judgment and the sentence imposed, the jacket fails to bear any evidence that it has been filed with the clerk, such as a time stamp, and bears a signature which does not appear to be that of the Judge. Therefore, we find that the notations on the case jacket fail to constitute a final, appealable order. While not the basis of our decision in this case, we also note that the trial court's case jacket "Judgment Entry" is not in accordance with local Appellate Rule 9(A)(1). The Local Rules state that "handwritten judgment entries are inappropriate and shall not be considered by this court except for uniform traffic citations." Local App.R. 9. In this case, the trial court did not enter its judgment onto the uniform traffic citation nor prepare a typed Judgment Entry. We find this practice to be contrary to Local App.R. 9. Because there is no final, appealable order, the appeal is hereby dismissed.
By Edwards, J. Farmer, P.J. and Wise, J. concurs.